UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NINTU XI GILMORE-BEY,

                    Plaintiff,               Civil Action No. 19-10776
                                             Honorable Paul D. Borman
v.                                      Magistrate Judge David R. Grand

REGINALD LEE, *et al.*,

                    Defendants.

_____/

### REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS (ECF Nos. 12, 15, 19, 20) AND TO DISMISS, *SUA SPONTE*, PLAINTIFF'S CLAIMS AGAINST DEFENDANTS GREENLEAF, SUTTON, AND McGROARTY

*Pro se* Plaintiff Nintu Xi Gilmore-Bey ("Plaintiff") commenced this action on March 15, 2019. (ECF No. 1). Now pending before the Court is a Rule 12(b)(6) Motion to Dismiss, which was filed by ten[1] of the thirteen named defendants in this matter (hereinafter the "Moving Defendants") on May 21, 2019. (ECF No. 15). After Plaintiff filed a "Supplemental [sic] to Original Claim" on May 30, 2019 (ECF No. 17), the Moving Defendants also moved to dismiss that "supplemental claim" (ECF No. 19). Subsequently, the Moving Defendants filed a reply brief in support of their motions. (ECF No. 22).

Also pending before the Court is a Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, which was filed by Defendants John Greenleaf III, Robert Sutton, and Stacey McGroarty (collectively the "Pennsylvania Defendants") on May 21, 2019

---

[1] These defendants are Reginald Lee, Michael Soisson, Alisa Charles, Kenya Martin, Sue Hart, Margaret Warren, Bilal Karamali, Sheryl McNamee, Tajma Head, and Hamida Ahmed.

(ECF No. 12), as well as a motion to dismiss Plaintiff's "supplemental claim" on the same basis (ECF No. 20).  Subsequently, the Pennsylvania Defendants filed a reply brief in support of their motions.  (ECF No. 21).

An Order of Reference was entered on April 4, 2019, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b).  (ECF No. 7).  Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

## I.    REPORT

### A.    Factual Background

Plaintiff was employed as an Administrative Assistant at Vibra of Southeastern Michigan LLC d/b/a Vibra Hospital of Southeastern Michigan ("VHSE")[2] in Detroit, Michigan, from approximately June 2016 to February 2019.  (ECF No. 1, PageID.25, 30). In that capacity, she reported directly to Defendant Lee.  (*Id.*, PageID.25).

In her complaint, Plaintiff alleges that she had a "short-lived relationship" with Lee, her immediate supervisor, during 2016.  (*Id.*, PageID.11).  She further claims that after she ended this relationship, Lee made "unwanted and inappropriate sexual advances, gestures, and comments"; denied her promotions and unspecified "support"; spoke "negatively" about her; and isolated her from other staff members.  (*Id.*)

---

[2] VHSE is owned and operated by Vibra Healthcare, LLC ("Vibra").  (ECF No. 12, PageID.215). Vibra is a Delaware limited liability company with its headquarters in Mechanicsburg, Pennsylvania.  (*Id.*; ECF No. 1, PageID.25).

2

Plaintiff further alleges that, in October 2017, she "fully *reverted* to the Islamic culture as a Hebrew Moslem of Moorish Ancestry, obtained [her] Allodial Title (Free National Moorish Name) of Bey, declared and proclaimed [her] Nationality, and fully executed [her] Birthrights as Aboriginal Indigenous Heiress of Northwest, Southwest, and Central Amexum/America." (*Id.*, PageID.26 (emphasis in original)).  She indicates it is against her new religious creed "to be labeled as misnomers that delude to slavery such as, Black, African-American, Colored, Negro, Indian, etc." and to "knowingly partake in usury, and the use of social security numbers[.]" (*Id.*).

In approximately September of 2018, Plaintiff filed a Charge of Discrimination against VHSE with the Equal Employment Opportunity Commission ("EEOC"), alleging religious discrimination and retaliation. (*Id.*, PageID.5; ECF No. 15-3, PageID.379).  The EEOC issued a Dismissal and Notice of Rights on December 6, 2018.  (ECF No. 1, PageID.92).  On February 4, 2019, Plaintiff's employment with VHSE was terminated. (*Id.*, PageID.30).

Based generally on these alleged events, Plaintiff filed the instant lawsuit on March 15, 2019, pleading ten causes of action against thirteen individual defendants, all of whom she claims she interacted with to some degree during her employment with VHSE.  The named defendants include Plaintiff's immediate supervisor (Lee); supervisors and directors of other VHSE departments and/or other Vibra entities (Sutton, Soisson, Hart, Warren, Karamali, McGroarty); co-workers (McNamee, Head, Ahmed); human resources representatives and directors (Charles, Martin); and legal counsel (Greenleaf).  (*Id.*, PageID. 2-3, 8-10; ECF No. 15, PageID.237).

3

Broadly speaking, the conduct at issue in Plaintiff's complaint relates generally to: (1) conflicts with her supervisor and co-workers (including an alleged request that Plaintiff process an incorrect charge on a patient's bill, various instances of her name being misspelled after she converted to the Hebrew Moslem of Moorish Ancestry religion, and the alleged sexual relationship with Lee); (2) Plaintiff's request for a religious accommodation to not work on Fridays; (3) Plaintiff's requests to remove her social security number from her employee information, update her race/nationality in the company system, and be exempt from tax withholding; and (4) the circumstances related to and involving her job performance and the termination of her employment.  Stemming from these issues, Plaintiff's complaint purports to set forth causes of action for sexual harassment, religious discrimination, national origin discrimination, fraud, genocide, violation of liberty and rights, retaliation, defamation, denationalization, and "threat, duress and coercion."  (ECF No. 15-2, PageID.253-377).[3]  The Moving Defendants now seek dismissal of Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF Nos. 15, 19).[4]

---

[3] Because two of Plaintiff's claims – for retaliation and defamation – are omitted from the version of the complaint docketed on the Court's website (ECF No. 1, PageID.20-21), the Court will refer to the more thorough copy of the complaint served on the defendants by Plaintiff and attached to the Moving Defendants' motion to dismiss (ECF No. 15-2).  Moreover, the Court notes that neither of Plaintiff's complaints contain a Count 7.

[4] After the Moving Defendants filed their motion to dismiss, Plaintiff filed four documents: (1) a so-called "Writ of Discovery," in which she appears to request that the Court Clerk provide her with copies of the returned, signed summonses and proofs of service of her complaint; (2) a so-called "Affidavit of Facts Exhibit A: Supplemental to Original Claim," in which she appears to amend her complaint to allege incidents she claims occurred after she filed the instant lawsuit; (3) an "Affidavit of Fact Notice of Default Judgment," which appears to be an improper discovery request, seeking information about the nationality of multiple people (including counsel for the defendants, the Honorable Paul D. Borman, and the undersigned), including apparent biblical

**B.      Standard of Review**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal

sufficiency.   Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain

statement of the claim showing that the pleader is entitled to relief."   "To survive a motion

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."   *Id.* (citing

*Twombly*, 550 U.S. at 556).   The plausibility standard "does not impose a probability

requirement at the pleading stage; it simply calls for enough fact to raise a reasonable

expectation that discovery will reveal evidence of illegal [conduct]."   *Twombly*, 550 U.S.

at 556.   Put another way, the complaint's allegations "must do more than create speculation

or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."

*League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)

(emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, a reviewing court

must accept the factual allegations in the complaint as true.   *See Erickson v. Pardus*, 551

---

references, and providing documents purportedly related to her nationality; and (4) an "Affidavit
of Facts Exhibit B – Proof of Service," in which she appears to again request additional copies of
proofs of service of her complaint.   (ECF Nos. 16, 17, 18, 25).   Nowhere in any of these filings
does Plaintiff refute – or even address – the substance of the Moving Defendants' arguments that
she fails to state a claim on any of the ten causes of action set forth in her complaint.

U.S. 89, 94 (2007).  This tenet, however, "is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements.  *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009).  Furthermore, a court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading[.]"  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers.  *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).  Nonetheless, "[t]he leniency granted to pro se [litigants] … is not boundless."  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).  Rather, such "complaints still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11424, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

### C.    Analysis

### 1.    *Plaintiff's Title VII Claims (Counts 1, 2, 3, and 8) Should be Dismissed Because Title VII Does Not Allow for Individual Liability*

In Counts 1, 2, 3, and 8 of her complaint, Plaintiff purports to bring Title VII claims for sexual harassment, religious discrimination, national origin discrimination, and

retaliation against various defendants.  The Moving Defendants argue that these claims are subject to dismissal because they – as individuals – are not subject to Title VII liability as a matter of law.  (ECF No. 15, PageID.239-40).  The Court agrees.

Title VII's anti-discrimination provision makes it unlawful for an "employer" to "fail or refuse to hire or discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1).  As this court recently explained:

> … Title VII only imposes liability on an "employer," which is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees … and any agent of such person." *Wath[e]n v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) (quoting 42 U.S.C. § 2000e(b)).  While other courts have interpreted the phrase "and any agent of such person" as "incorporating respondeat superior liability into the statute," *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587 (9th Cir. 1993), **the Sixth Circuit has concluded that Congress did not intend for individual employees or agents to face liability under Title VII, even those employees operating in a supervisory capacity.** *Wathen*, 115 F.3d at 405-06 ("We now hold that an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII.").

*Howlett v. City of Warren*, No. 17-11260, 2019 WL 4450984, at *13 (E.D. Mich. Sept. 16, 2019) (emphasis added).  In other words, the Sixth Circuit – and courts in this district – have repeatedly and consistently held that, within the meaning of Title VII, the term "employer" does not include the supervisors, managers, or co-workers of a plaintiff.  *See, e.g., Harper v. City of Cleveland*, 781 F. App'x 389, 393 (6th Cir. 2019) ("Title VII does not impose liability on supervisory personnel"); *Han v. Univ. of Dayton*, 541 F. App'x 622,

629 (6th Cir. 2013) (plaintiff cannot bring Title VII claims against individual defendants); *Wingo v. Michigan Bell Tel. Co.*, No. 16-12209, 2019 WL 78898, at *7 (E.D. Mich. Jan. 2, 2019) (dismissing Title VII claim because plaintiff's supervisor was not an "employer" within the meaning of that statute and, thus, was not subject to liability). For these reasons, where Plaintiff's Title VII claims are brought only against individuals currently or formerly employed by VHSE or Vibra, these claims should be dismissed.

> ### 2. *Plaintiff's Fraud Claim (Count 4) Should be Dismissed Because it Does Not Satisfy the Requirements of Rule 9(b)*

In Count 4 of her complaint, Plaintiff pleads a claim for fraud against eleven of the named defendants. (ECF No. 15-2, PageID.275-77). In order to succeed on such a claim, a plaintiff must establish: (1) that the defendant made a material representation; (2) that it was false; (3) that when he made it, he knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the plaintiff; (5) that the plaintiff acted in reliance upon it; and (6) that the plaintiff thereby suffered injury. *See Brownell v. Garber*, 199 Mich. App. 519, 533 (1993). Moreover, pursuant to Fed. R. Civ. P. 9(b), fraud claims – including those pled by *pro se* plaintiffs – are subject to heightened pleading requirements. *See Stone v. Mehlberg*, 728 F. Supp. 1341, 1351 (W.D. Mich. 1989). As the Sixth Circuit has stated:

> … pursuant to the provisions of Federal Rule of Civil Procedure 9(b), in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. We have … interpreted Rule 9(b) to require that a plaintiff allege the *time, place, and content* of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud. Stated differently, at a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where, and

how of the alleged fraud.

*Elsheick v. Select Portfolio Servicing, Inc.*, 566 F. App'x 492, 498 (6th Cir. 2014) (internal citations, quotations, and alterations omitted) (emphasis in original).

In this case, although it is difficult to parse and comprehend Plaintiff's allegations, it appears she is claiming that the following actions constitute fraud: (1) during her termination meeting, a security guard appeared because he was told that there was a termination and the employee refused to leave; (2) certain defendants allegedly attempted to convince Plaintiff to "knowingly process an incorrect patient charge"; and (3) certain defendants denied Plaintiff's request to be excluded from federal tax withholdings, which she contends is against her "religious creed." (ECF No. 15-2, PageID.275-77). Nowhere in her complaint, however, with respect to any of these alleged actions, does Plaintiff allege what the fraudulent scheme was; what statements each defendant allegedly fraudulently intended her to act upon; that she actually acted upon or reasonably relied upon misrepresentations made by any of the defendants; or that she suffered any injury as a result of the alleged fraud. For these reasons, Plaintiff's vague allegations of alleged wrongdoing do not even approach the heightened pleading requirements of Rule 9(b), and her fraud claim should be dismissed.

3.    *Plaintiff's Defamation Claim (Count 9) Should be Dismissed*

In Count 9 of her complaint, Plaintiff pleads a defamation claim against Defendants

Lee, Hart, and Warren.[5]  (ECF No. 15-2, PageID.280-81).  A plaintiff alleging defamation must plead the following elements: (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation *per se*) or the existence of special harm caused by publication.  *See Edwards v. Detroit News, Inc.*, 322 Mich. App. 1, 12 (2017).  Moreover, the essentials of a cause of action for defamation must be stated *in the complaint*.  *See Bhan v. Battle Creek Health Sys.*, 579 F. App'x 438, 446 (6th Cir. 2014) (citing *Ledi v. Quik Pik Food Stores, Inc.*, 133 Mich. App. 583, 589 (1984)).  This includes allegations as to the exact language the plaintiff contends is defamatory, the connection of the defamatory words to the plaintiff where such words are not clear, and the publication of the alleged defamatory words.  *Id*.  "Inherent in those requirements is that the allegations must set forth where, when, and to whom the alleged statements were published."  *Id*.

Here, in support of her defamation claim, Plaintiff alleges the following defendants made the following statements: (1) that, beginning on July 26, 2018, Defendant Hart "continuously" made certain unspecified "negative comments" about Plaintiff to Lee; (2) that, on May 20, 2018, Defendant Warren made an unspecified "sarcastic remark" about Plaintiff to Lee; and (3) that Defendant Lee described Plaintiff as "insubordinate" to Defendants Martin and Charles and referred to her religion as a "cult, brainwashing,

---

[5] Although Plaintiff indicates in her complaint that her defamation claim is pled against "All Defendants" (ECF No. 15-2, PageID.280), she only attributes alleged defamatory statements to these three individuals.

violent, and a flawed conspiracy."  (ECF No. 15-2, PageID.281).  Examination of these

allegations makes clear that Plaintiff has not met the pleading standard for defamation.

With respect to the first two categories – the "negative comments" and "sarcastic

remark" allegedly made by Hart and Warren, respectively, Plaintiff does not describe the

exact language that was used, explain the connection between the alleged defamatory

words and her, or identify when and where each such comment was made.  Thus, these

allegations are inadequate to state a claim for defamation.  *See Bhan*, 579 F. App'x at 587.

Plaintiff's allegations regarding Lee also fail to state a claim.  First, Plaintiff alleges

that Lee described her as "insubordinate" to Martin and Charles.  (ECF No. 15-2,

PageID.281).  In her complaint, however, Plaintiff indicates that Martin is the "Director of

Human Resources Vibra Southeastern MI" and Charles is the "Division Director of Human

Resources."  (*Id.*, PageID.267).  The Sixth Circuit has explained:

> Under Michigan law, as under the law of most (if not all) States,
> employers have a qualified privilege to defame an employee by
> making statements to other employees whose duties interest them in
> the subject matter.  Supervisory employees frequently have the need,
> sometimes the duty, to comment on the behavior and work habits of
> their charges.   Consistent with the imperatives of managing a
> company, to say nothing of common sense, supervisory employees
> thus may discuss ... allegations, ... make appropriate inquiries, and ...
> commit their findings to writing without violating the defamation
> laws.  How else could one run a company?  Employers responsible for
> hiring and firing must be able to hear accusations of employee
> misconduct which warrant dismissal and deal with them appropriately
> – which often includes further communications with other supervisors
> and employees.

*Whiting v. Allstate Ins. Co.*, 433 F. App'x 395, 398 (6th Cir. 2011) (internal quotations and

citations omitted).  This privilege covers the alleged statements of Lee (Plaintiff's direct

supervisor) to Martin and Charles (representatives of the human resources department) regarding Plaintiff's job performance and alleged insubordination. *Id.* A plaintiff may overcome the privilege by showing actual malice, i.e., that the defendant made the defamatory statement with "knowledge of its falsity or reckless disregard of the truth." *Id.* at 398-99. Here, however, the attachments to Plaintiff's complaint[6] belie any inference that Lee's statements were made with actual malice; indeed, it is clear that he (and others) honestly believed Plaintiff to be insubordinate. (ECF No. 15-2, PageID.316 (Lee asked Martin and Charles to make sure Plaintiff understood that her insubordination would not be tolerated and characterized her work behavior as "inappropriate"), PageID.363 (suggestion from Carter, VHSE's Market Chief Operating Officer to Lee that Plaintiff's behavior was "unprofessional and "inappropriate")). Thus, Plaintiff has failed to plead facts overcoming Lee's qualified privilege with respect to these statements.

Finally, Plaintiff alleges that Lee referred to her religion as a "cult, brainwashing, violent, and a flawed conspiracy[.]" (*Id.*, PageID.281). In this respect, however, Plaintiff is not alleging that Lee made defamatory statements about *her*; rather, she alleges that he made these statements about *her religion*, which is not actionable. *See Ireland v. Edwards*, 230 Mich. App. 607, 618 (1998) (statements must be viewed in context to determine whether they can reasonably be understood as stating actual facts about the plaintiff). Taking Plaintiff's allegations as true, this is the type of "rhetorical hyperbole" that, heard

---

[6] The Court considers the exhibits attached to the complaint given that documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss. *See Koubriti v. Convertino*, 593 F.3d 459, 462 n. 1 (6th Cir. 2010).

in context, could not reasonably be understood as stating actual facts about Plaintiff herself. *Id.*; *see also Nykoriak v. Bilinski*, No. 319871, 2015 WL 1227740, at *3 (Mich. Ct. App. Mar. 17, 2015) (statements must be viewed in context to determine whether they are capable of defamatory interpretation, or whether they constitute no more than rhetorical hyperbole or vigorous epithet).  Thus, Plaintiff's defamation claim should be dismissed.

### 4.  *Plaintiff's Remaining Claims (Counts 5, 6, 10,and 11) Should be Dismissed for Failure to State a Claim*

#### a.  *Genocide (Count 5)*

In Count 5 of her complaint, Plaintiff alleges that "All Defendants" have committed genocide.  (ECF No. 15-2, PageID.277-78).  Genocide is a specific intent *crime* that requires a showing of the intent to *destroy*, in whole or in part, a national, ethnical, racial, or religious group.  *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 739 (9th Cir. 2008).  To prove genocide, a party must show that a group was targeted for destruction in its entirety or in substantial part.  *Id.*  This cause of action is reserved for the most heinous crimes committed against swaths of people during the course of recent human history.

Plaintiff fails to identify the basis of her alleged right to bring a private cause of action for genocide.  This is not surprising because the right to file criminal actions falls directly within the purview of the state or federal government.  Federal criminal statutes generally do not provide private causes of action, and the federal genocide statute cited by Plaintiff, 18 U.S.C. § 1091, follows this norm.  *See Devone v. Nat'l Cas. Co.*, No. 1:12cv680, 2013 U.S. WL 5755046, at *1 n.3 (M.D.N.C. Oct. 23, 2013) (noting that 18 U.S.C. § 1091 is a criminal statute that does not create a private cause of action); *Bey v.*

13

*Ohio*, No. 1:11 CV 1213, 2011 WL 5024188, at *3 (N.D. Ohio Oct. 19, 2011) (same). Moreover, even if Plaintiff had standing to pursue a genocide claim against the named individuals, her allegations of "prolonged discrimination" at work – or even a "hostile work environment" – fail entirely to meet the pleading standard or plead a cognizable *civil* cause of action against any of the named defendants.  As such, this claim should be dismissed.

> b.      *Violation of Liberty and Rights (Count 6)*

In Count 6 of her complaint, captioned "Violation of Liberty and Rights," Plaintiff contends that she was "denied the right to audio record or have a witness present" at one or more meetings, and that Defendant Greenleaf violated her First Amendment right to freedom of speech "when [he] implied that Plaintiff could not speak with her direct [supervisor, Defendant Lee]."  (ECF No. 15-2, PageID.278-79).

In attempting to plead this claim, Plaintiff cites a number of federal statutes, including 18 U.S.C. §§ 241, 242, 245 and 42 U.S.C. § 1983.  (ECF No. 15-2, PageID.279). As the Moving Defendants point out, the first three of these statutes are federal criminal statutes, and Plaintiff's claims under them must be dismissed because they do not provide a basis for a civil cause of action.  *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (affirming dismissal of claims brought under 18 U.S.C. §§ 241 and 242 because they are criminal statutes that do not provide a private, civil cause of action); *Steele-El v. Valvoline Instant Oil Change*, No. 18-12277, 2019 WL 4640348, at *4 (E.D. Mich. Sept. 24, 2019) (holding that 18 U.S.C. § 245 does not provide a private right of action).  The fourth statute, 42 U.S.C. § 1983, "prohibit[s] *state employees* from violating a person's constitutional rights[.]"  *Green v. City of Southfield*, 925 F.3d 281, 284 (6th Cir. 2019)

14

(emphasis added).  Here, where Plaintiff does not contend – and there is no evidence – that any of the named defendants are state employees, she cannot maintain a § 1983 claim against them.  As such, Plaintiff fails to state a claim for violation of any of the statutes cited, and dismissal of Count 6 is appropriate.

### c.   *Denationalization (Count 10)*

In Count 10 of her complaint, Plaintiff alleges that the defendants' intentional misspelling of her "appellation … spelled incorrectly and without Moorish Allodial Title (Bey) is deemed denationalization."  (ECF No. 15-2, PageID.281-82).  She seems to be complaining that defendants have spelled either her name or their own names "in all upper-case letters" and that they did not include the "-Bey" when writing her last name.  (*Id.* at 281).  This claim is frivolous.  In support of this claim, Plaintiff cites *Trop v. Dulles*, 356 U.S. 86, 94 (1958).  As the Moving Defendants point out, however, *Trop* has no bearing on the allegations in Plaintiff's complaint.  (ECF No. 15, PageID.249).  In *Trop*, the United States Supreme Court considered whether the United States' government's removal of the petitioner's citizenship after being convicted by court-martial for wartime desertion, was constitutional.  In this case, none of the named defendants are the United States government or its agents, and Plaintiff does not – and cannot – allege that any individual defendant has the authority of the United States government to revoke citizenship or otherwise "denaturalize" her.  Where Plaintiff has failed to allege that the named defendants – private citizens – violated any common law or statute as it relates to Plaintiff in this count, her "denationalization" claim should be dismissed.

d.      *Threat, Duress, and Coercion (Count 11)*

Plaintiff's claim of "threat, duress and coercion" simply restates the same factual basis as her other employment-related claims – namely, that she was allegedly pressured into processing an incorrect patient bill; that she felt her termination meeting was conducted improperly; and that she requested, but was not granted, exemption from social security tax withholdings.  (ECF No. 15-2, PageID.282-84).  Plaintiff, however, has not identified any common law or statutory cause of action for "threat," "coercion," or "duress," as pled in the complaint.  This is likely because the existence of a threat, coercion, and/or duress is a defense to contract enforcement.  *See Vance v. Latimer*, 648 F. Supp. 2d 914, 930 (E.D. Mich. 2009).  Here, Plaintiff does not allege that she entered into a contract with any of the defendants, under duress or otherwise.  As such, this claim fails as a matter of law.

For all of these reasons, Plaintiff fails to state a claim against the Moving Defendants, and her complaint[7] should be dismissed in its entirety as to them.

---

[7] On May 30, 2019, Plaintiff filed a document titled "Affidavit of Facts Exhibit A: Supplemental to Original Claim."  (ECF No. 17).  In that document, Plaintiff asserts that she has "reason to believe that Reginald [Lee] sabotaged [her] opportunity with Karmanos[,]" and that "Defendants conduct before and after termination, has been a continuous attempt to defame and slander [her] character which is also an act of genocide."  (*Id.*, PageID.384).  To the extent that Plaintiff's "supplemental claim" is intended to allege a claim under Title VII, or for fraud, defamation, or genocide – or any other basis pled in Plaintiff's original complaint – it fails for the reasons set forth herein.  Moreover, to the extent Plaintiff's "supplemental claim" fails to provide anything other than her *belief* that Defendant Lee was somehow responsible for her failure to be interviewed for a job at the Detroit Medical Center – an entity separate and apart from VHSE – her claim must be dismissed under both *Twombly*, 550 U.S. at 570, and Fed. R. Civ. P. 9(b) because she fails to articulate any *facts* supporting that belief.  Without such facts, Plaintiff has only "speculation or suspicion" of a claim which is not enough.  *League of United Latin Am. Citizens*, 500 F.3d at 527.

5. *Plaintiff's Claims Against the Pennsylvania*
   *Defendants Should be Dismissed* Sua Sponte

As set forth above, the Pennsylvania Defendants have not joined in the Moving

Defendants' Rule 12(b)(6) motions; rather, they have filed separate motions to dismiss for

lack of personal jurisdiction pursuant to Rule 12(b)(2). (ECF Nos. 12, 20). For the reasons

set forth below, the Court finds it unnecessary to rule on the merits of the Pennsylvania

Defendants' motions, as the analysis set forth above with respect to the Moving Defendants

applies equally to the Pennsylvania Defendants, and Plaintiff's claims against the

Pennsylvania Defendants should also be dismissed for failure to state a claim.

Under the *in forma pauperis* statute, a court must "dismiss the case at any time if

the court determines that … the action or appeal … fails to state a claim upon which relief

may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). This "provision is applicable throughout

the entire litigation process, and [a] case that may not initially appear to meet § 1915(e)(2)

may be dismissed at a future date should it become apparent that the case satisfies this

section." *Coleman v. Gullet*, No. 12-10099, 2012 WL 5986779, at *9 (E.D. Mich. Sept. 4,

2012) (internal quotations omitted). Fed. R. Civ. P. 12(b)(6) standards govern dismissal

for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Id.*

Further, "[a] court may grant a motion to dismiss even as to nonmoving defendants

where the nonmoving defendants are in a position similar to that of moving defendants or

where the claims against all defendants are integrally related." *Varner v. Smith*, No. 13-

15070, 2015 WL 1530441, at *12 (E.D. Mich. Mar. 31, 2015) (quoting *Bonny v. Society of*

*Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993)). A court dismissing a plaintiff's claims against

moving defendants may *sua sponte* dismiss non-moving defendants as well where "it is clear that the same ruling would inevitably apply to each of the defendants." *Rose v. Arkansas Valley Envtl. & Utility Auth.*, 562 F. Supp. 1180, 1189 n. 11 (W.D. Mo. 1983).

Here, where Plaintiff's claims against the Pennsylvania Defendants suffer from the same deficiencies as her claims against the Moving Defendants, the Court declines to address the merits of the Pennsylvania Defendants' personal jurisdiction arguments and recommends dismissal of Plaintiff's claims against them for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Taylor v. Acxiom Corp.*, 612 F.3d 325, 340 (5th Cir. 2010) ("While the district court did dismiss *sua sponte* some defendants who did not join the motion to dismiss, there is no prejudice to the plaintiffs in affirming the judgment in its entirety because the plaintiffs make the same allegations against all defendants."); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 n. 10 (4th Cir. 2006) ("Where the face of a complaint plainly fails to state a claim for relief, a district court has 'no discretion' but to dismiss it.") (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990)).

## II.    RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that the Moving Defendants' Rule 12(b)(6) Motions to Dismiss **(ECF Nos. 15, 19)** be **GRANTED**; the Pennsylvania Defendants' Motions to Dismiss for Lack of Personal Jurisdiction **(ECF Nos. 12, 20)** be **DENIED AS MOOT**; and Plaintiff's claims against the Pennsylvania Defendants be **DISMISSED**, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: January 10, 2020                       s/David R. Grand
Ann Arbor, Michigan                           DAVID R. GRAND
                                              United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 10, 2020.

<div style="margin-left:50%">

s/Eddrey O. Butts_____

EDDREY O. BUTTS

Case Manager

</div>