UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NINTU XI GILMORE-BEY,

       Plaintiff,                             Case No. 19-cv-10776

                                            Paul D. Borman
v.                                             United States District Judge

                                            David R. Grand
REGINALD LEE, *et al.*,            United States Magistrate Judge

       Defendants.
_____/

**OPINION AND ORDER:
(1) ADOPTING MAGISTRATE JUDGE GRAND'S JANUARY 10, 2020
REPORT AND RECOMMENDATION (ECF NO. 29);
(2) GRANTING MOVING DEFENDANTS' RULE 12(B)(6) MOTIONS TO
DISMISS (ECF NOS. 15, 19);
(3) DENYING AS MOOT PENNSYLVANIA DEFENDANTS' MOTIONS TO
DISMISS FOR LACK OF PERSONAL JURISDICTION (ECF NOS. 12, 20);
(4) DISMISSING PLAINTIFF'S CLAIMS AGAINST PENNSYLVANIA
DEFENDANTS *SUA SPONTE* PURSUANT TO 28 U.S.C. § 1915; AND
(5) DENYING PLAINTIFF'S MOTION TO RECUSE DISTRICT JUDGE
PAUL D. BORMAN AND MAGISTRATE JUDGE DAVID R. GRAND
(ECF NO. 30)**

**I.    Report and Recommendation (ECF No. 29)**

On January 10, 2020, Magistrate Judge David R. Grand issued a Report and

Recommendation to grant the Moving Defendants' Rule 12(b)(6) Motions to

Dismiss (ECF Nos. 15, 19), deny as moot the Pennsylvania Defendants' Motions to

Dismiss for Lack of Personal Jurisdiction (ECF Nos. 12, 20), and dismiss Plaintiff's

claims against the Pennsylvania Defendants *sua sponte* pursuant to 28 U.S.C. § 1915. (ECF No. 29.)[1] Having reviewed the Report and Recommendation, and there being no timely objections from either party under 28 U.S.C. § 636(b)(1) and E.D. Mich. L.R. 72.1(d), the Court **ADOPTS** the Report and Recommendation (ECF No. 29), **GRANTS** the Moving Defendants' Rule 12(b)(6) Motions to Dismiss (ECF Nos. 15, 19), **DENIES AS MOOT** the Pennsylvania Defendants' Motions to Dismiss for Lack of Personal Jurisdiction (ECF Nos. 12, 20), and **DISMISSES** *sua sponte* Plaintiff's claims against the Pennsylvania Defendants, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

## II. Motion to Recuse (ECF No. 30)

On February 5, 2020, Plaintiff filed a Motion seeking to recuse both the undersigned and Magistrate Judge David R. Grand pursuant to 28 U.S.C. § 455. (ECF No. 30.) For the reasons that follow, the motion is **DENIED**.

Recusal of a district judge or magistrate judge is governed by 28 U.S.C. § 455 which, in relevant part, provides that "[a]ny justice, judge, or magistrate judge of the

---

[1] The Report and Recommendation identifies the "Moving Defendants" as Defendants Reginald Lee, Michael Soisson, Alisa Charles, Kenya Martin, Sue Hart, Margaret Warren, Bilal Karamali, Sheryl McNamee, Tajma Head, and Hamida Ahmed. (ECF No. 29 at fn.1, PgID 512.) The "Pennsylvania Defendants" are identified as the three remaining Defendants, John Greenleaf III, Robert Sutton and Stacey McGroarty. (*Id.* at 1, PgID 512.)

United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see generally Liteky v. United States*, 510 U.S. 540 (1994) (discussing disqualification or recusal of a judge). That standard is objective and is not based upon the subjective view of the party seeking recusal. *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993) (citations omitted).

Plaintiff alleges bias and impartiality based upon Magistrate Judge Grand's January 10, 2020 Report and Recommendation. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion … unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555; *see also Mason v. Burton*, 720 F. App'x 241, 242-43 (6th Cir. 2017) (explaining that adverse rulings are not themselves sufficient to establish bias or prejudice which will disqualify a judge). Plaintiff has pointed to nothing in the Court's handling of this case or the Court's rulings, including the January 10, 2020 Report and Recommendation, which demonstrate such a deep-seated antagonism. Ordinarily, parties who challenge a Magistrate Judge's order or report and recommendation do so by filing an objection pursuant to 28 U.S.C. § 636(b)(1), as Plaintiff was instructed to do in this case. (See ECF No. 29 at 19, PgID 530.) Plaintiff did not file any objection.

Plaintiff further complains that both the undersigned and Judge Grand are "active lawyer[s] and registered with the State Bar of Michigan[.]" (ECF No. 30 at 2, PgID 533.) However, that a judge in this District is licensed to practice law in Michigan is patently not a basis for recusal. Similarly, Plaintiff's allegation that she did not receive signed summonses for three defendants fails to constitute a basis for recusal of the undersigned or Judge Grand. The docket plainly reflects that counsel entered an appearance on behalf of all defendants on May 21, 2019 (ECF Nos. 10 through 13), and all defendants joined in the motions to dismiss, which were served on Plaintiff. (ECF Nos. 12, 15, 19, 20.) Accordingly, Plaintiff's Motion to Recuse District Judge Paul D. Borman and Magistrate Judge David R. Grand is **DENIED**.

## III. CONCLUSION

For all the reasons stated above, the Court hereby **ADOPTS** the Report and Recommendation (ECF No. 29), **GRANTS** the Moving Defendants' Rule 12(b)(6) Motions to Dismiss (ECF Nos. 15, 19), **DENIES AS MOOT** the Pennsylvania Defendants' Motions to Dismiss for Lack of Personal Jurisdiction (ECF Nos. 12, 20), and **DISMISSES** *sua sponte* Plaintiff's claims against the Pennsylvania Defendants, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

In addition, the Court **DENIES** Plaintiff's Motion to Recuse District Judge Paul D. Borman and Magistrate Judge David R. Grand (ECF No. 30).

IT IS SO ORDERED.

                                                                s/Paul D. Borman
                                                                PAUL D. BORMAN
                                                                UNITED STATES DISTRICT JUDGE

Dated: March 5, 2020